# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| BLAINE BRADDS, | : | Case No. 1:19-cv-1074 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| JACK MARCHBANKS, *et al.*, | : | |
| Defendants. | : | |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS (Doc. 7)

This civil case is before the Court on Defendants Jack Marchbanks and Michael Dombrowski's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 7), and the parties' responsive memoranda (Docs. 8, 9).

## I. BACKGROUND

For the purposes of this motion to dismiss, the Court must: (1) view the complaint in light most favorable to Plaintiff; and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009).

Plaintiff Blaine Bradds, aged 50 at the time of his complaint, is an employee of the Ohio Department of Transportation ("ODOT"). (Doc. 1 at ¶ 1). Bradds has been employed by ODOT for at least 28 years and currently serves as Transportation Administrator for District 9's Adams County garage. (*Id*. at ¶ 6). Defendant Jack Marchbanks is the Director of ODOT. (*Id*. at ¶ 2). Defendant Michael Dombrowski is the Deputy District Director of ODOT District 9 and Bradds' supervisor. (*Id*. at ¶ 3).

On March 29, 2019, Bradds called Dombrowski to inquire about a job opening for a Transportation Administrator position for District 9's Highland County garage. (*Id*. at ¶ 7). Dombrowki told Bradds he was reluctant to consider him for the position because he was close to retirement and he did not want to fill the position again in a few years. (*Id*. at ¶ 8). On April 19, 2019, Bradds sent an email formally requesting a transfer to the Highland County garage. (*Id*. at ¶ 9).

Dombrowski started conducting formal interviews via panel for the Highland County position in early May 2019. (*Id*. at ¶ 10). Dombrowski waived Bradds' interview requirement. (*Id*.). During the interview of another candidate, Arick Adams, the interview panel discussed Bradds' age and at least one panelist stated Bradds' age was relevant to the hiring decision. (*Id*. at ¶ 11).

On May 10, 2019, Dombrowski informed Bradds he did not receive the position, justifying the decision based on each garage's own "feel." (*Id*. at ¶¶ 12-13). Adams received the position. (*Id*. at ¶ 16). Marchbanks had final approval over the decision. (*Id*. at ¶ 15). At the time of Adams' hire, he was under the age of 40 with inferior qualifications – Bradds ultimately trained and supported Adams in his new position as Transportation Administrator of the Highland County garage. (*Id*. at ¶ 16).

Under 42 U.S.C. § 1983, Bradds filed his two-count complaint on December 17, 2019 against Marchbanks and Dombrowski in their official capacities. (*See generally*, *id*.). Bradds alleges Marchbanks and Dombrowski violated the Equal Protection Clause of the Fourteenth Amendment (Count I). (*Id*. at ¶¶ 17–20). Bradds contends that when Marchbanks and Dombrowski selected Adams for the role, they did so solely on the basis


of age and without any rational link to a legitimate state interest. (*Id.* at ¶ 19). Bradds seeks damages and also relief under the Declaratory Judgment Act (Count II), including transfer to Highland County as Transportation Administrator. (*Id.* at ¶¶ 20–26).

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

3

for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. (*citing* Fed. Rule Civ. P. 8(a)(2))

### III.  ANALYSIS

Defendants contend that Bradds' complaint should be dismissed for two reasons: (1) the Age Discrimination in Employment Act ("ADEA") precludes any claim based on age discrimination under § 1983 because the ADEA provides a specific statutory remedy for such claims; and (2) even if he can assert a § 1983 claim, he failed to state deprivation of a constitutional right as required to sufficiently state a § 1983 claim.  (Doc. 7). Because his § 1983 claim (Count I) fails, Defendants conclude that he cannot pursue an action under the Declaratory Judgment Act (Count II).  (*Id*. at 6–7).

**1.      Preclusion Under the ADEA**

Defendants argue that the ADEA precludes any age discrimination claim under § 1983.  In response, Bradds cites *Crawford v. Columbus State Cmty. Coll.* to support his conclusion that the ADEA does not preclude constitutional claims under § 1983.  196 F. Supp. 3d 766 (S.D. Ohio 2016) (Marbley, J.) (denying motion to dismiss § 1983 claim and finding ADEA does not preclude constitutional claims).  The Court agrees with the now-Chief Judge's reasoned decision in *Crawford* and ultimately concludes that the ADEA does not preclude a § 1983 constitutional claim.

4

*Crawford* considered a similar § 1983 action alleging age discrimination under the Equal Protection Clause. *Id*. at 769. Defendants argued the § 1983 claim should be dismissed because the ADEA precluded any § 1983 claim based on age discrimination. *Id*. at 779. The Court disagreed.

First, the Court recognized that a "detailed statutory scheme *can* preclude claims brought under § 1983 that assert other statutory or constitutional violations," but, "the Supreme Court does not lightly conclude that Congress intended to preclude reliance on § 1983 as a remedy for the deprivation of a federal right." *Id*. at 780–81 (quotations omitted) (citing cases) (emphasis in original). Thus:

> Congressional intent forms the crux of any § 1983 preclusion analysis, and that intent can be gleaned from the language of the statute and legislative history, the statute's context, the nature and extent of the remedial scheme, and a comparison of the rights and protections afforded by the statutory scheme versus a § 1983 claim.

*Id*. at 781.

Second, the Court detailed that "[t]he Sixth Circuit has never determined whether the ADEA precludes § 1983 actions alleging age discrimination under the Equal Protection Clause," and other circuits and district courts are generally split on the issue. *Id*. (citing cases). The Court acknowledged the Sixth Circuit's unpublished decision in *Janes*, cited by Marchbanks and Dombrowski in support of their motion to dismiss, which held that the ADEA precludes § 1983 claims "predicated on the ADEA itself." *Id*. (citing *Janes v. Bardstown City Schs. Bd. of Educ.*, 97 F.3d 1452, 1996 WL 536794, at *4 (6th Cir. 1996)). "Nevertheless, whether the ADEA precludes § 1983 actions alleging

5

constitutional claims, like Crawford's [or Bradds'], remains an open issue in this Circuit." *Id*.

*Crawford* last concluded that "a fair reading of the statutory text and legislative history, coupled with a comparison of the rights and protections afforded under the ADEA and the Constitution, all demonstrate that Congress did not intend for the ADEA to preclude § 1983 actions that seek to vindicate constitutional rights." *Id*. at 781–83 (citing *Levin v. Madigan*, 692 F.3d 607, 617–22 (7th Cir. 2012)). As an example, the Court recognized that the ADEA's statutory scheme could lead to a "particularly strange" result for state employees if those employees were precluded from bringing § 1983 claims due to Eleventh Amendment immunity: "'[w]ithout the availability of a § 1983 claim, a state employee [like Crawford] who suffers age discrimination in the course of his employment is left without a federal damages remedy,' while a similarly-situated municipal employee would suffer no similar deprivation of his or her constitutional rights and remedies." *Id*. at 782 (citing *Levin*, 692 F.3d at 621). Thus, "'the ADEA is not the exclusive remedy for age discrimination in employment claims.' To the contrary, plaintiffs may continue to bring § 1983 actions that allege unconstitutional age discrimination." *Id*. at 783 (quoting *Levin*, 692 F.3d at 621).

This case aligns with *Crawford*. Defendants present no argument detailing why *Crawford*'s analysis is incorrect, instead asking this Court not to follow *Crawford* because it is not binding precedent. Further, based on the arguments and other cases cited by the parties, and this Court's own analysis, *Crawford*'s rationale still applies. Accordingly, this Court adopts and follows the well-reasoned preclusion analysis from

*Crawford*, and at this pleading stage, the Court cannot dismiss Bradds' complaint based on ADEA preclusion.[1]

The Court is also unpersuaded by the two post-*Janes*/*Crawford* decisions cited by Defendants: *Rosecrans v. Vill. of Wellington*, No. 1:17 CV 1604, 2018 WL 807047, at *4 (N.D. Ohio Feb. 9, 2018), and *Commitie v. Univ. of Cincinnati*, No. 1:15-CV-653, 2016 WL 4992016, at *2 (S.D. Ohio Aug. 24, 2016), *report and recommendation adopted sub nom.*, No. 1:15CV653, 2016 WL 4944500 (S.D. Ohio Sept. 16, 2016).

Neither decision discussed whether a *constitutional* claim under § 1983 could survive separate and distinct from a *statutory* claim under the ADEA. Similarly, in both cases, the plaintiffs relied on the ADEA statute as the basis for the § 1983 claims. *Rosecrans*, 2018 WL 807047 at *4 ("to the extent Rosecrans' Section 1983 claim is based on allegations that he was retaliated against for pursuing his age discrimination claims, the ADEA provides his exclusive Federal remedy"); *Commitie*, 2016 WL 4992016, at *2 (cannot bring an ADEA claim under § 1983). Bradds does not bring an ADEA claim nor does Bradds rely on the ADEA to support his § 1983 claim.

### 2. Constitutional Right

Alternatively, Defendants ask this Court to dismiss Bradds' complaint because he failed to plead a deprivation of a constitutional right. "[T]o state a claim under § 1983 a

---

[1] At the summary judgment stage, although the plaintiff in *Crawford* was ultimately unable to succeed on his § 1983 claim based on age discrimination, the Court again noted that there is no preclusion under the ADEA. *Crawford v. Columbus State Cmty. Coll.*, No. 2:15-CV-2438, 2017 WL 5594128, at *10 (S.D. Ohio Nov. 21, 2017) ("Plaintiffs have not brought to this Court's attention any new law—in the Sixth Circuit or otherwise—that might cause the Court to change its considered opinion.").

plaintiff need only establish that (1) the conduct in controversy was committed by a person acting under color of law, and (2) the conduct deprived the plaintiff of a federal right, either constitutional or statutory." *Ziegler v. Aukerman*, 512 F.3d 777, 782 (6th Cir. 2008) (citing *Harajli v. Huron Twp.*, 365 F.3d 501, 505 (6th Cir. 2004); then citing *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001)).

The Equal Protection Clause provides that "no state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To adequately state a claim under the Equal Protection Clause, a plaintiff must plead "that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'" *Ctr. for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir.2011) (quoting *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby Mich.*, 470 F.3d 286, 299 (6th Cir.2006)). "Although 'age is not a suspect classification under the Equal Protection Clause,' States may discriminate on the basis of age without violating the Fourteenth Amendment only 'if the age classification in question is rationally related to a legitimate state interest.'" *Crawford*, 196 F. Supp. 3d at 780 (quoting *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 83 (2000)).

Here, Bradds adequately pled an equal protection claim based on age discrimination under § 1983. Bradds asserted that he was denied the Transportation Administrator position at the Highland County garage because of his age, that the position was given to a younger and less-qualified candidate, and that Defendants had no rational basis for denying Bradds the position. Accordingly, the Court denies

8

Defendants' motion to dismiss because Bradds pled a deprivation of a constitutional right.

Last, Defendants argue that this Court should dismiss Bradds' Declaratory Judgment Act claim (Count II) because Bradds cannot move forward on his § 1983 claim.  Because the Court denies the motion to dismiss Bradds' § 1983 claim (Count I), it similarly denies the motion to dismiss the Declaratory Judgment Act claim (Count II).

### IV.  CONCLUSION

Based upon the foregoing, Defendants' motion to dismiss (Doc. 7) is **DENIED.**

**IT IS SO ORDERED.**

Date:   1/27/2021                             *s/Timothy S. Black*
                                                                            Timothy S. Black
                                                                            United States District Judge